UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN PICKERING-GEORGE, (adopted)
JOHN R. DALEY, JR.,

                    Plaintiff,

                                        ORDER
          -against-                     11-CV-3273 (JS)(ETB)

LANDLORD MANAGMENT [SIC], 100 W.
174 LLC, INTERFAITH MEDICAL CENTER
EMERGENCY DEPARTMENT, MONTEFIORE
FAMILY HEALTH CENTER, URBAN HEALTH
PLAN, INC. HEALTH CARE CENTER,
DIVISION OF TENANT RESOURCES Hqs
Inspections, NEW YORK STATE
Government Listing #311, NEW YORK
CITY POLICE DEPARTMENT BRONX
46th PRECINCT,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      John Pickering-George, Pro Se
                    100 W. 174th Street, Apt. 6-D
                    Bronx, New York 10453

For Defendants:     No appearances

SEYBERT, District Judge:

          On July 5, 2011, pro se Plaintiff John Pickering-George

(adopted) John R. Daley, Jr., ("Plaintiff") filed his Complaint

against Landlord Managment [sic], 100 W. 174 LLC, Interfaith

Medical Center Emergency Department, Montefiore Family Health

Center, Urban Health Plan, Inc. Health Care Center, Division of

Tenant Resources Hqs Inspections, New York State Government

Listing #311, and the New York City Police Department Bronx 46th

Precinct (collectively, "Defendants").  Accompanying the Complaint

is an application to proceed in forma pauperis.  For the reasons

that follow, the Court grants Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a), but <u>sua</u> <u>sponte</u> dismisses the Complaint.

I. <u>Background</u>

Plaintiff, who is no stranger to this Court,[1] has filed yet another incomprehensible handwritten Complaint. The forty-six (46) page purported class action Complaint is largely a compilation of sections from the United States Constitution, the United States Code, the Code of Federal Regulations, the Federal Rules of Civil Procedure, and the Federal Rules of Criminal Procedure, (<u>see</u> Compl. at pages 20-25), as well as a list of disjointed "claims" Plaintiff labels as "Lower Federal Court Class Actions of Proceedings United States Supreme Court Class Actions or Proceedings." (<u>Id.</u> at pages 26-41). For example, Plaintiff's "claims" section simply lists:

> 1) Adequacy of Representation.
> 2) Antitrust Cases.
> 3) Attorney Fees.
> 4) Bondholders.
> 5) Burden of Proof.
> 6) Certification.
> 7) Children and Minors.
> 8) Co-Lead Counsel.
> 9) College Students or Faculty.
> 10) Commonality Requirement.
> 11) Communication Among Class Members.

---

[1] Plaintiff's other <u>pro</u> <u>se</u> <u>in</u> <u>forma</u> <u>pauperis</u> actions in this Court include 10-CV-1103 (JS)(ETB), which was <u>sua</u> <u>sponte</u> dismissed with prejudice after affording Plaintiff three opportunities to file a coherent Complaint, and 11-CV-0064 (JS)(ETB), which was also <u>sua</u> <u>sponte</u> dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

12) Compromise and Settlement.
                    13) Conclusiveness of Judgment.
                    14) Conditional Certification.
                    15) Condominium Interests.

(Compl. at page 25).  The Complaint continues in this fashion,

listing an additional 244 items.  (Id. at pages 25-36).  Plaintiff

next lists his "General Pleadings", which is nothing more than an

itemized list of 122 disjointed subjects, such as "adoption of

allegations", "affidavit of claims or cause of action", "animal

behavior, negligent act or omission", "animal property rights in,

liability for injury or damage by an animal", "animal trapping

officals duty, appendix", "answer, judicial response, noun", and

"antitrust violations, hospitals and physicers, appendix." (Id.

at pages 37-41).  The Complaint next includes similar lists under

the headings "Federal Constitutional Pleadings" and "McKinney

Pleadings", followed by a statement of relief sought.  (Id. at

pages 42-43).

        Plaintiff seeks "injunctive, mandatory, preventative,

prohibitory, prospective relive, injunction, also declaratory

relief and monetary damage, damages relief, other relief specified

. . . ." and

                    MOVES THE COURT FOR "GENERAL COURT ORDER" DNA
                    SEARCH OF PREMISES FOR ANIMAL, AMPHIBIAN,
                    SNAKE, TOXIN, TOXIC, TOXICITY VENOM, VENOMOUS,
                    WITHIN THE CEILINGS, FLOORS, FLOOR BEAMS, AND
                    WALLS OF MYCOTOXIN PLACE AND THE REMOVAL OF
                    SUCH. DIRECTING THE U.S. ATTORNEY, THE BUREAU
                    OF INVESTIGATION, ALSO THE BRONX, NYC POLICE
                    DEPARTMENT, ANIMAL TRAPPER OFFICIALS AND OTHER
                    DEPARTMENTS   ENCLOSED   LISTED   TO   PROVIDE

COUNSELS WITH, COPIES OF INVESTIGATIVE
REPORTS, FINDINGS.

(<u>Id.</u> at pages 3-4) (emphasis in original).  Plaintiff then

describes that he is:

AN (<u>ADVOCATI</u>-<u>ADVOCATE</u>, <u>BLACK</u>, <u>HISPANIC</u>-<u>LATIN</u>,
<u>MEXICAN</u> <u>RASTAFARIAN</u>, <u>RASTAFARIANISM</u>) AND "HAS-
HAVE" NUMEROUS CIVIL RIGHTS ACTIONS, EQUAL
ACCESS TO JUSTICE ACT ACTIONS, ALL JURY TRIAL
DEMAND WITH VOLUMOUS [SIC] EXHIBITS DOCKETED
FILED IN FEDERAL COURTS.

(<u>Id.</u> at page 6) (emphasis in original).  The Complaint continues:

. . . PLAINTIFF LEFT THE APARTMENT, CAUSE,
REASON (NOUN), MOTIVE, ASSOCIATED CONCEPTS,
COMPONENTS OF VENOM, VENOMOUS RECOGNIZED,
APPENDIX, COURT ORDERS FOR INVESTIGATION
ANIMAL TOXIN VENOM, VENOMOUS, TOXIC, TOXICITY,
WILD ANIMALS-VICIOUS PROPENSITIES OF
AMPHIBIANS, SNAKE, REPTILE VENOM, APPENDIX.

(<u>Id.</u> at page 8).  The Complaint then describes Plaintiff's visits

to the various health care center-Defendants, and of his attempts

to be treated for his alleged "ANIMAL TOXIN VENOM EXPOSURE."  (<u>Id.</u>

at pages 9-13).  Apparently dissatisfied, Plaintiff alleges that he

unsuccessfully attempted to file a police report, and that he also

sought to lodge a complaint via the #311 telephone number for New

York City.[2]  <u>Id.</u>

For relief, Plaintiff lists another fifty (50)

nonsensical separate items, such as "alternative relief against all

---

[2] The Court takes judicial notice that "NYC 311" is "New York
City's main source of government information and non-emergency
services" and is not a law enforcement agency.
<u>See</u> www.nyc.gov/apps/311/about.htm.

or some of multiple defendants", "alternative relief against corporation or individual", "alternative relief against single defendant-injunction as alternative", "alternative relief against single defendant - requiring action", "animal venomous toxin, toxic, toxicity removal tangable [sic]", asbestos, lead paint removal - tangable [sic]", and so on. (<u>Id.</u> at pages 43-46).

II. <u>Discussion</u>

    A.   <u>In Forma Pauperis Application</u>

Upon review of the Plaintiff's application, this Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed <u>in forma pauperis</u> is granted.

    B.   <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. <u>See id</u>.

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197,

200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).

An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); <u>see also</u> <u>Gelish v. Social Sec. Admin.</u>, No. 10-CV-3713 (JS), 2010 WL 3780372, at *4 (E.D.N.Y. Sept. 17, 2010); <u>McCormick v. Jackson</u>, No. 07-CV-7893 (JSR), 2008 WL 3891260 (S.D.N.Y. Aug. 21, 2008). As is readily apparent from a casual reading of the Complaint, the allegations in this case "rise to the level of the irrational or the wholly incredible." <u>Denton</u>, 504 U.S. at 33.

Moreover, notwithstanding the liberal pleading standards afforded <u>pro</u> <u>se</u> litigants, all complaints must contain at least "some minimum level of factual support for their claims," <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part,

that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. <u>See</u> Fed. R. Civ. P. 8; <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. <u>See</u> <u>Alfaro Motors</u>, 814 F.2d at 887.

Applying these standards to the case at hand, and according Plaintiff's Complaint a liberal construction, <u>see</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163, the Court finds that Plaintiff's Complaint does not meet the pleading requirements of Rule 8. Plaintiff's Complaint clearly provides insufficient notice to the Defendants of the claims asserted against them. Accordingly, the Court <u>sua</u> <u>sponte</u> dismisses Plaintiff's Complaint without prejudice.

Notwithstanding the Second Circuit's preference for adjudication of cases on the merits, the Court declines to grant Plaintiff leave to amend the Complaint because, even affording the Complaint a liberal reading, there is no indication that a valid claim might be stated. <u>Cuoco</u>, 222 F.3d at 112.

As stated above, Plaintiff is no stranger to this and other federal courts.[3]  In addition to this action and the cases noted in footnote # 1 (supra at 2, note 1), Plaintiff has also been barred from filing any further in forma pauperis civil complaints in the Supreme Court of the United States.  See Pickering-George v. Holder, et al., 129 S. Ct. 2061, 173 L. Ed. 2d 1131 (2009) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid").  Given that Plaintiff continues to file frivolous in forma pauperis Complaints in this Court, Plaintiff is advised that:

> The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.

Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).  Accordingly, Plaintiff is warned that his continued filing of frivolous in forma pauperis complaints may lead to the entry of an order requiring Plaintiff to seek

---

[3] The Court's research has revealed that Plaintiff has also filed frivolous in forma pauperis Complaints in several other district courts, including the Northern District of New York and the District of Columbia.

permission from the Court prior to filing any future <u>in</u> <u>forma</u> <u>pauperis</u> complaints.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted, and the Complaint is <u>sua</u> <u>sponte</u> dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:    August __19__, 2011
          Central Islip, New York